# ILLINOIS OFFICIAL REPORTS

***People v. Walton*, 2013 IL App (3d) 110630**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAWN R. WALTON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0630 |
| Filed | May 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for retail theft arising from the discovery of items from eight different stores in the trunk of defendant's car, defendant's conviction under sections 16-1(a)(4)(A) and (b)(4) of the Criminal Code was reduced to a conviction under sections 16-1(a)(1)(A) and (b)(4), since the charging instrument had to cite to the joinder statute or allege that defendant's separate acts of retail theft were in furtherance of a single intention and design in order to charge a crime under subsection (a)(4), but the allegations made did charge a crime under subsection (a)(1). |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 11-CF-72; the Hon. Walter D. Braud, Judge, presiding. |
| Judgment | Modified in part and affirmed in part. |

Counsel on Appeal

Larry R. Wells, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Mark Senko, State's Attorney, of Rock Island (Terry A. Mertel and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Presiding Justice Wright dissented, with opinion.

**OPINION**

¶ 1    Following a stipulated bench trial, defendant, Dawn R. Walton, was convicted of theft (720 ILCS 5/16-1(a)(4)(A) (West 2010)), charged as a Class 3 felony (720 ILCS 5/16-1(b)(4) (West 2010)). The State relied on evidence recovered from a search of the trunk of defendant's vehicle. Defendant appeals, arguing that the trial court erred when it denied defendant's motion to suppress the evidence recovered from the trunk. Defendant also challenges the sufficiency of the charging instrument, arguing that the theft was improperly charged as a felony. We modify and affirm.

¶ 2                                            FACTS

¶ 3    On November 5, 2010, Officer Todd Engstrom received a report that a retail theft had occurred at Sears in SouthPark Mall. As Engstrom arrived at the mall, he observed a vehicle leaving the mall parking lot that matched a description given to him of the suspected thieves' vehicle. Engstrom stopped the vehicle, which was occupied by two adult females. The passenger, Teresa Rapp, told Engstrom that she had taken a sweatshirt from Sears but had given it back when confronted by a Sears loss prevention officer. Engstrom, having not yet spoken to the loss prevention officer, instructed the driver of the vehicle, defendant, to drive back to Sears so that Engstrom could further investigate the situation. Defendant drove her vehicle to Sears while Engstrom followed.

¶ 4    At Sears, Engstrom spoke with the loss prevention officer. The officer told Engstrom that earlier that day in Sears he had seen Rapp conceal a hooded sweatshirt in a bag she was carrying, while defendant attempted to act as a shield to block onlookers from witnessing the theft. Rapp and defendant then exited Sears without paying for the sweatshirt. The officer followed them into the parking lot, where he saw Rapp closing the trunk of a vehicle that the women were standing near. The officer confronted the women about the sweatshirt. Rapp reached into a bag in the vehicle's backseat, removed the sweatshirt, and returned it to the officer. The women got in the vehicle and drove away. The officer called police, reported the theft, and gave a description of the vehicle.

¶ 5     After receiving this information from the loss prevention officer, Engstrom arrested Rapp for theft and requested defendant's consent to search the trunk of defendant's vehicle. Defendant responded that she was unsure how to open the trunk. Engstrom informed defendant that if she did not allow him to look in the trunk, she would be arrested for theft, and the vehicle would be impounded. Defendant opened the trunk and allowed Engstrom to search it. Inside, Engstrom found 54 pieces of property from eight different stores in SouthPark Mall, which defendant later admitted were stolen. The total value of the items was approximately $1,300. Engstrom arrested defendant for theft.

¶ 6     Defendant was charged with one count of felony theft under sections 16-1(a)(4)(A) and (b)(4) of the Criminal Code of 1961, which declare that a person commits theft when she knowingly "[o]btains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him [or her] to believe that the property was stolen *** and (A) [i]ntends to deprive the owner permanently of the use or benefit of the property." 720 ILCS 5/16-1(a)(4)(A), (b)(4) (West 2010). The information alleged:

> "[O]n the 5th day of November in the year of our Lord Two Thousand Ten at and within said County of Rock Island in the State of Illinois aforesaid, in that said defendant committed the offense of THEFT, in that said defendant, knowingly obtained control over certain stolen property of Victoria's Secret, Express, Journeys, Bath and Body Works, Spencers, Maurices, Abercrombie and Fitch and Kid's Gap, being miscellaneous items, having a total value exceeding $300.00 and not exceeding $10,000.00, under such circumstances as would reasonably induce said defendant to believe the property was stolen and with the intent to deprive permanently of the use and benefit of said property, (MPD# 1014020)
>
> in violation of 720 ILCS 5/16-1(a)(4)(A)
>
> CLASS 3 FELONY"

The theft was charged as a Class 3 felony under section 16-1(b)(4), which states that the "theft of property exceeding $500 and not exceeding $10,000 in value, is a Class 3 felony." 720 ILCS 5/16-1(b)(4) (West 2010).[1]

¶ 7     Defendant filed a motion to suppress, arguing that she was unreasonably seized when Engstrom instructed her to drive back to Sears and that defendant's consent to search was involuntary because defendant was detained when she gave the consent and the consent was improperly induced by threats. As a result of these alleged improprieties, defendant argued, the evidence recovered from the trunk and any statements made by defendant during the unreasonable seizure or after her arrest should be suppressed.

¶ 8     At a hearing on the motion to suppress, defendant and Engstrom testified. The court denied defendant's motion, finding that the search of the vehicle's trunk was supported by

---

[1]The information, in apparent typographical error, stated that the property had "a total value exceeding *$300.00* and not exceeding $10,000.00." (Emphasis added.) This error in the information does not bear upon the present case because defendant stipulated that the property in question exceeded $500 in value, as required by the language of section 16-1(b)(4).

probable cause to believe that defendant had committed further thefts beyond the theft at Sears and that evidence of those thefts was inside the trunk.

¶ 9    The cause proceeded to a stipulated bench trial. Defendant stipulated that all evidence admitted at the hearing on the motion to suppress would be admitted at the bench trial. The parties also filed a written stipulation that stipulated to additional facts, including:

"4. That there was a total of 54 items located in the trunk of Defendant's car valued at $1377.94.

5. That if employees from Victoria's Secret, Express, Journeys, Bath and Body Works, Maurice's, Abercrombie and Fitch, and Kid's Gap were called to testify, they could testify as to the value of the stolen items as well as the value of the items from their respective stores and that the items were taken without lawufl [*sic*] authority.

\*\*\*

7. That, if called to testify, Officers of the Moline Police Department would testify that the Defendant gave a written statement in which she admitted stealing the above noted items from the above noted stores located at Northpark Mall."[2]

¶ 10    Defendant was found guilty and sentenced to conditional discharge. Defendant appeals.

¶ 11                                    ANALYSIS

¶ 12                   I. Validity of Defendant's Consent to Search

¶ 13    On appeal, defendant argues that the trial court erred in denying her motion to suppress, because the search of her vehicle's trunk was not supported by probable cause and her consent to the search was given involuntarily as a result of Engstrom's threat to arrest her.

¶ 14    Review of a trial court's decision on a motion to suppress involves a two-tiered standard: findings of fact are upheld unless they are against the manifest weight of the evidence, while the ultimate legal ruling as to whether suppression is warranted is considered *de novo*. *People v. Kats*, 2012 IL App (3d) 100683.

¶ 15    The fourth amendment of the United States Constitution and article I, section 6, of the Illinois Constitution protect individuals from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. A defendant's consent to search serves as a valid exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Consent to search must be freely and voluntarily given. *Ohio v. Robinette*, 519 U.S. 33 (1996). A reviewing court may affirm a trial court's judgment on any ground appearing in the record. *People v. Johnson*, 208 Ill. 2d 118 (2003).

¶ 16    The motion to suppress was properly denied by the trial court because defendant voluntarily consented to the search of her vehicle's trunk, despite Engstrom's threat to arrest her if she refused. An officer's threat will not invalidate a defendant's consent if the officer has actual grounds to carry out the threatened action. *People v. Price*, 195 Ill. App. 3d 701

---

[2]Both defendant and Engstrom testified that the merchandise was actually taken from stores in SouthPark Mall.

(1990). In such a case, the threat "amounts to no more than informing defendant of his legal status and does not vitiate consent." *Id.* at 708.

¶ 17 Engstrom's threat did not vitiate defendant's consent because Engstrom had actual grounds to arrest defendant and impound her car. A warrantless arrest is reasonable when an officer has probable cause to believe that the person has committed an offense. *Devenpeck v. Alford*, 543 U.S. 146 (2004); 725 ILCS 5/107-2(1)(c) (West 2010). Engstrom had probable cause to believe that defendant had committed a theft from Sears based on information from the loss prevention officer that defendant had acted as a shield while Rapp concealed a sweatshirt in her bag. Engstrom therefore could have carried out his threat to arrest defendant for theft and impound her car. Defendant validly consented to the search, and the trial court did not err in denying defendant's motion to suppress.

¶ 18        II. Sufficiency of the Charging Instrument

¶ 19 On appeal, defendant for the first time challenges the sufficiency of the charging instrument. She argues that she obtained the 54 items of stolen property through several separate acts of misdemeanor theft (720 ILCS 5/16-1(a)(4), (b)(1) (West 2010)), and the State improperly charged those separate acts as a single offense of felony theft (720 ILCS 5/16-1(a)(4)(A), (b)(4) (West 2010)) under the applicable joinder statute (725 ILCS 5/111-4(c) (West 2010)) because the State failed to allege or prove an essential element of the offense. Defendant argues that the State failed to allege or prove that the multiple acts of theft were in "furtherance of a single intention and design," as required by the joinder statute. *Id.*; see *People v. Rowell*, 229 Ill. 2d 82 (2008). As a result, defendant urges this court to utilize its power under Illinois Supreme Court Rule 615(b)(3) to reduce her conviction from one count for felony theft to one count for Class A misdemeanor theft (720 ILCS 5/16-1(a)(4)(A), (b)(1) (West 2010)).

¶ 20 A defendant has a fundamental right to be informed of the nature and cause of criminal accusations made against her. 725 ILCS 5/111-3 (West 2010); *Rowell*, 229 Ill. 2d 82. As part of that right, section 111-3(a)(3) of the Code of Criminal Procedure of 1963 provides that the charging instrument must set forth the nature and elements of the offense charged. 725 ILCS 5/111-3(a)(3) (West 2010). When a defendant challenges the sufficiency of the charging instrument for the first time on appeal, she must establish that any insufficiency prejudiced her defense. In other words, when challenged for the first time on appeal, the charging instrument will be found sufficient if it: (1) apprised the accused of the precise offense charged with sufficient specificity to prepare her defense; and (2) would allow her to plead a resulting conviction as a bar to future prosecutions arising from the same conduct. *Rowell*, 229 Ill. 2d at 93; *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976).

¶ 21 In the present case, the State charged by information that defendant had committed one act of felony theft under subsection 16-1(a)(4)(A) when she obtained control of multiple items of stolen property having a total value between $300 and $10,000.

¶ 22 Section 111-4 of the joinder statute (725 ILCS 5/111-4(c) (West 2010)) allows that two or more acts or transactions in violation of section 16-1 of the Criminal Code of 1961 (theft) (720 ILCS 5/16-1 (West 2010)):

> "[M]ay be charged as a single offense in a single count of the same indictment, information or complaint, if such acts or transactions by one or more defendants are in furtherance of a single intention and design or if the property, labor or services obtained are of the same person or are of several persons having a common interest in such property, labor or services." 725 ILCS 5/111-4(c) (West 2010).

The joinder statute permits the State to aggregate multiple acts of theft, and their associated property values, into a single offense of theft, but only where the separate acts of theft are in furtherance of a single intention and design or where the property is of the same person or several persons having a common interest in it.[3] Thus, under section 111-4, separate acts of misdemeanor theft can potentially be charged as a single count of felony theft, if the aggregated property values meet the requirements of section 16-1(b) (720 ILCS 5/16-1(b) (West 2010)) and if the separate acts are in furtherance of a single intention and design.

¶ 23    When the State utilizes section 111-4(c) to join separate acts of theft into a single offense, the allegation that the acts were in furtherance of a single intention and design becomes an essential element of the offense. *Rowell*, 229 Ill. 2d at 101 (citing *People v. Arbo*, 213 Ill. App. 3d 828, 832 (1991)). In *Rowell*, the State joined separate acts of retail theft to charge defendant with one count of felony retail theft (720 ILCS 5/16A-10(3) (West 2004)). However, the charging instrument did not allege that the separate acts were committed in furtherance of a single intention and design; nor did the instrument cite to the joinder statute (725 ILCS 5/111-4(c) (West 2004)). The supreme court found that the omission prejudiced defendant's defense because he "had no notice that the State was required to allege and prove that the thefts at issue were in furtherance of a single intention and design, in order to charge those thefts as a single felony." *Rowell*, 229 Ill. 2d at 96. As a result, the supreme court reduced the defendant's conviction from felony retail theft to the lesser-included offense of misdemeanor retail theft. *Id.* at 101; Ill. S. Ct. R. 615(b)(3).

¶ 24    In the present case, like in *Rowell*, the charging instrument did not allege that defendant's separate acts of theft were in furtherance of a single intention and design, nor did it cite to the joinder statute. In addition, there is nothing in the record to suggest that defendant had actual notice that the State was required to prove the "single intention and design" element. Accordingly, under *Rowell*, if defendant's charged conduct consisted of separate acts of theft joined together into a single offense, the charging instrument was insufficient to charge a violation of sections 16-1(a)(4)(A) and (b)(4), and defendant's conviction for felony theft would be reduced to a conviction for misdemeanor theft (720 ILCS 5/16-1(a)(4)(A), (b)(1) (West 2010)). Ill. S. Ct. R. 615(b)(3).

¶ 25    However, the State argues that the charging instrument was sufficient because defendant was charged with felony theft resulting from a single act, not separate acts aggregated into a single offense. Defendant was charged under section 16-1(a)(4)(A), traditionally described as "receiving stolen property" (*People v. Marino*, 44 Ill. 2d 562, 576 (1970)), which provides

---

[3]In the present case, we focus solely on the "in furtherance of a single intention and design" facet because the property in question was taken from various retailers that did not share a common interest in the property.

that an act of theft occurs when a person knowingly "[o]btains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen." 720 ILCS 5/16-1(a)(4) (West 2010). The word "obtain" is defined by section 15-7 of the Criminal Code of 1961 as meaning, "[i]n relation to property, to bring about a transfer of interest or possession." 720 ILCS 5/15-7 (West 2010). Thus, subsection (a)(4) proscribes only the initial act by which a defendant first gains control of the property. *Contra People v. Collins*, 48 Ill. App. 3d 643 (1977).

¶ 26 Compare subsection (a)(4) to subsection (a)(1)–known as "possession of stolen property"–which provides that a theft occurs when a person knowingly "[o]btains *or exerts* unauthorized control over property of the owner." (Emphasis added.) 720 ILCS 5/16-1(a)(1) (West 2010). Section 15-8 defines "obtains or exerts control" as including but not limited to "the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, *or possession of* property." (Emphasis added.) 720 ILCS 5/15-8 (West 2010).

¶ 27 Possession of stolen property under subsection (a)(1) is a continuing crime. See *People v. Price*, 221 Ill. 2d 182, 193 (2006). It is continuously violated by a person who maintains unauthorized possession over property that she does not own. Thus, in the present case, defendant was violating subsection (a)(1) at the time of her arrest by possessing the stolen property in the trunk of her car. Her violation of subsection (a)(1) was accomplished through one singular act of possession of all 54 items of property. In short, had defendant been charged under subsection (a)(1), the charging instrument could have sufficiently charged her with one act of felony theft, without any need to utilize the joinder statute.

¶ 28 In contrast, defendant was not actively violating subsection (a)(4) at the time of her arrest. Subsection (a)(4) proscribes the act of obtaining control over stolen property, not the continuing act of exerting control over–*i.e.*, possessing–property owned by another. A person "obtains" control over property through an act that occurs at a discrete moment in time by "bring[ing] about a transfer of interest or possession." 720 ILCS 5/15-7 (West 2010). Subsection (a)(4) does not proscribe the continuing possession of the stolen property after control is obtained. It punishes only the transfer of control to the defendant, which occurs at a precise moment in time. It is not a continuing crime.

¶ 29 As a result, the charging instrument in the present case sufficiently charged defendant with felony theft under subsection (a)(4) only if defendant obtained control over the 54 items of property through a single act. Otherwise, if defendant obtained control through multiple acts, the State failed to allege a necessary element–that the multiple acts were in furtherance of a single intention and design. 725 ILCS 5/111-4(c) (West 2010); *Rowell*, 229 Ill. 2d 82.

¶ 30 The stipulated facts in the record are silent on how and exactly when defendant obtained control over the stolen property. As the record stands on appeal, we cannot know whether defendant obtained control of the 54 items through one act or multiple acts. Defendant may have obtained control through one act if, for example, Rapp alone took the property from the various victims and then transferred control of all 54 items to defendant at the same time. Or, conversely, defendant may have obtained control through multiple acts by taking the items herself from the eight victims. Either possibility, among countless others, is plausible. Based upon the facts available to us in the record, we cannot determine whether the charging

instrument sufficiently charged the offense of felony theft under subsection (a)(4).

¶ 31     We can and do determine, however, that the charging instrument sufficiently charged the offense of felony theft under subsection (a)(1) and that the State proved defendant guilty of a violation of subsection (a)(1) beyond a reasonable doubt. We reach this conclusion by finding that in the present case subsection (a)(1) was an uncharged lesser-included offense of subsection (a)(4). Under Illinois Supreme Court Rule 615(b)(3), an appellate court may enter a judgment of conviction for any uncharged offense that: (1) is a lesser-included offense of the charged offense; and (2) has been proven beyond a reasonable doubt.

¶ 32     Illinois courts have described the different subsections of section 16-1 as encompassing a single offense that may be performed in different ways. See *Price*, 221 Ill. 2d at 189; *People v. Graves*, 207 Ill. 2d 478, 484 (2003); *People v. Fowler*, 72 Ill. App. 3d 491, 494-95 (1979). But the different methods of performance may nonetheless require proof of different elements. See *Graves*, 207 Ill. 2d at 484-85 ("setting forth identical *offenses* is not synonymous with setting forth identical *elements*" (emphases in original)). Therefore, a charging instrument that sufficiently charges one method of theft does not necessarily sufficiently charge *all* methods of theft.

¶ 33     In order to determine whether a charging instrument has properly charged an uncharged offense, we utilize the "charging instrument" approach described by the Illinois Supreme Court most recently in *People v. Kennebrew*, 2013 IL 113998, ¶¶ 30, 32-51. Under this approach, an uncharged offense is considered a lesser-included offense of a charged offense if "every element of the uncharged offense is contained in the indictment or if any element not listed in the indictment can be reasonably inferred from the indictment allegations." *Id.* ¶ 34.

¶ 34     Illinois courts have held that subsection (a)(4) is a lesser-included offense of subsection (a)(1). See, *e.g.*, *Marino*, 44 Ill. 2d at 576; *People v. Siverson*, 333 Ill. App. 3d 884 (2002). We are aware of no case that has held the opposite: that subsection (a)(1) is a lesser-included offense of subsection (a)(4). Under the more strict "abstract elements" approach, it would be a logical impossibility for two offenses to each be a lesser-included offense of the other. Under the abstract elements approach, "[i]f all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Kennebrew*, 2013 IL 113998, ¶ 29 (quoting *People v. Miller*, 238 Ill. 2d 161, 166 (2010)). Thus, under the abstract elements approach, for two offenses to each be a lesser-included offense of the other, the two offenses would have to be made up of exactly the same elements.

¶ 35     However, under the charging instrument approach's expansive definition of a lesser-included offense, two offenses with diverse elements may each be a lesser-included offense of the other. In the present case, we find that under the charging instrument approach, theft under subsection (a)(1) is a lesser-included offense of theft under subsection (a)(4).

¶ 36     Defendant was charged with a violation of subsection (a)(4), which requires proof that: (1) defendant obtained control over stolen property; and (2) that defendant either knew the property was stolen or reasonably should have known it was stolen. 720 ILCS 5/16-1(a)(4) (West 2010). Subsection (a)(1) requires proof that (1) defendant obtained or exerted control

over property of the owner; and (2) the control was unauthorized. 720 ILCS 5/16-1(a)(1) (West 2010); *People v. Bailey*, 409 Ill. App. 3d 574, 589 (2011).

¶ 37    The charging instrument alleged that defendant had obtained control over stolen property, which is included within the element of subsection (a)(1) requiring that defendant *obtains or exerts* control over property of the owner. And if defendant obtained the property knowing that it was stolen, we can reasonably infer that the control obtained or exerted by defendant was unauthorized. Thus, all the elements of subsection (a)(1) are included or may be reasonably inferred from the allegations of the charging instrument, and subsection (a)(1) is a lesser-included offense of subsection (a)(4). In addition, the evidence presented at the stipulated bench trial proved beyond a reasonable doubt all of the elements of felony theft under subsection (a)(1)(A), (b)(4). 720 ILCS 5/16-1(a)(1)(A), (b)(4) (West 2010).

¶ 38    Under Illinois Supreme Court Rule 615(b)(3), an appellate court may reduce a defendant's conviction to a conviction for a lesser-included charge. We therefore reduce defendant's felony theft conviction under subsection (a)(4) to a felony theft conviction under subsection (a)(1) and affirm defendant's sentence.

¶ 39                                   CONCLUSION

¶ 40    The judgment of the circuit court of Rock Island County is reduced from a conviction for felony theft under subsections (a)(4)(A) and (b)(4) (720 ILCS 5/16-1(a)(4)(A), (b)(4) (West 2010)) to a conviction for felony theft under subsections (a)(1)(A) and (b)(4) (720 ILCS 5/16-1(a)(1)(A), (b)(4) (West 2010)). Defendant's sentence is affirmed.

¶ 41    Modified in part and affirmed in part.

¶ 42    PRESIDING JUSTICE WRIGHT, dissenting.

¶ 43    I agree with the majority's conclusion that defendant consented to the search of the trunk of her vehicle. However, for the following reasons, I respectfully dissent and would affirm defendant's conviction and sentence for a Class 3 felony, pursuant to sections 16-1(a)(4)(A) and (b)(4). 720 ILCS 5/16-1(a)(4)(A), (b)(4) (West 2010).

¶ 44    Initially, I point out that defendant misstates the nature of the case as follows:

"On January 25, 2011, the defendant, Dawn Walton, was charged with felony theft for *taking* property from Victoria's Secret, Express, Journeys, Bath and Body Works, Spencers, Maurices, Abercrombie and Fitch, and Kid's Gap, being miscellaneous items with value over $300.00, and not exceeding $10,000.00." (Emphasis added.)

In spite of this misstatement, the majority has not been misdirected and focuses our review on the precise language of the information, accurately recited below:

"[O]n the 5th day of November in the year of our Lord Two Thousand Ten at and within said County of Rock Island in the State of Illinois aforesaid, in that said defendant committed the offense of THEFT, in that said defendant, knowingly obtained control over certain stolen property of Victoria's Secret, Express, Journeys, Bath and Body Works, Spencers, Maurices, Abercrombie and Fitch, and Kid's Gap, being miscellaneous

items, having a total value exceeding $300.00 [*sic*] but not exceeding $10,000.00, under such circumstances as would reasonably induce said defendant to believe the property was stolen and with the intent to deprive permanently of the use an benefit of said property."

¶ 45    As noted by my respected colleagues, defendant waited to challenge the sufficiency of the charging instrument for the first time in this appeal. In my view, this strategic decision has significant consequences. At this juncture, defendant must now establish the alleged insufficiency of the information, which revolves around the word "obtained," prejudiced the development of her defense. In my view, defendant cannot successfully establish prejudice to her defense. Here, defendant stipulated she was *charged* with "possession of stolen property" for purposes of her trial in the circuit court. In light of this stipulation, it is clear to me defendant understood she was *not* charged with "taking" merchandise from any store.

¶ 46    The State's theory, as evidenced by the actual language of the charging instrument, was that on November 5, 2010, when the officer opened her trunk, defendant simultaneously controlled this impressive collection of clothing and merchandise, with tags attached, by warehousing, *i.e.* possessing, those 54 items together in the trunk of her car, and under circumstances that would reasonably induce this defendant to believe the items (totaling more than $500 but less than $10,000) were previously stolen. Therefore, I agree with the State's position that the joinder statute does not apply to the singular count set forth in this information.

¶ 47    Finally, I respectfully disagree subsection (a)(4) "proscribes only the initial act by which a defendant first gains control of the property," as noted by the majority. *Supra* ¶ 25. Section 16-1(a)(4)(A) is disjunctive and provides that a defendant commits theft when she knowingly "obtains control over stolen property knowing the property to have been stolen *or* under such circumstances as would reasonably induce him or her to believe that the property was stolen." (Emphasis added.) 720 ILCS 5/16-1(a)(4)(A) (West 2010). This statute allows the State to deter criminal misconduct by prosecuting the "possession" of stolen property, after the initial theft, with a charge based on section 16-1(a)(4)(A), even when the State's investigation does not uncover the identity of the thief who initially obtained the merchandise from each store. Possession of stolen property began for this defendant when she, herself, "obtained" the property worth more than $500 and placed it in her locked trunk, sometime after the initial theft, but always under circumstances which would reasonably have caused her to believe the property was stolen.

¶ 48    Therefore, I respectfully disagree with the majority's conclusion that this defendant was not actively violating subsection (a)(4)(A) when the officer opened the locked trunk with her permission. Finally, I cannot agree to reduce defendant's conviction for the Class 3 felony based on section 16-1(a)(4)(A), to a lesser felony, presumably as defined by section 16-1(b)(2), due to her prior record. Consequently, I respectfully dissent and would affirm defendant's felony conviction for possession of stolen property pursuant to section 16-1(a)(4)(A) and her sentence for the Class 3 felony imposed by the court according to section 16-1(b)(4).