NOTICE
Decision filed 05/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200169-U

NO. 5-20-0169

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 19-CF-35 |
| | ) | |
| CARL PRIVATT, | ) | Honorable |
| | ) | Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie concurred in the judgment.
Justice Vaughan specially concurred in part and dissented in part.

**ORDER**

¶ 1    *Held*: The trial court erred in finding the defendant guilty of predatory criminal sexual assault of a child where the State failed to provide sufficient evidence to prove the defendant guilty beyond a reasonable doubt and the defendant's conviction is modified to aggravated criminal sexual abuse; furthermore, the trial court did not abuse its discretion when it allowed A.M., a minor, to testify via closed-circuit television. The case is remanded for resentencing on the modified conviction.

¶ 2    Following a bench trial in Marion County circuit court, the defendant was convicted of one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40 (West 2018)) and sentenced to 20 years in the Illinois Department of Corrections and 3 years to life of mandatory supervised release (MSR). The defendant now appeals his conviction. For the following reasons, we modify his conviction and remand for resentencing.

1

¶ 3                                   I. BACKGROUND

¶ 4     In January 2019, the defendant, Carl Privatt, was charged by information with one count of predatory criminal sexual assault of a child against his step-granddaughter A.M., who was seven years old at the time. The information alleged that, on or about January 10, 2019, in Marion County the defendant was a person of 17 years of age or over and committed an act of sexual penetration with A.M., a child under the age of 13 years when the act was committed, when he touched A.M.'s vagina with his hand, in violation of section 11-1.40(a)(1) of the Criminal Code of 2012 (*id.* § 11-1.40(a)(1)). The defendant waived his right to a jury trial.

¶ 5     Before the bench trial, the State filed a motion to allow A.M. to testify via closed-circuit television arguing that if A.M. was required to testify in court, she would suffer serious emotional distress such that she would be unable to reasonably communicate or otherwise suffer severe adverse effects. At the hearing on the motion, the State called Nicole Schaeffer, a child therapist who worked for Sexual Assault Family Emergencies (SAFE) that had been counseling A.M. since February 2019. Schaeffer had been employed there for three years and was certified in trauma focused cognitive behavior therapy. She also had extensive experience working with child sexual abuse victims. The trial court recognized Schaeffer as an expert with no objection.

¶ 6     Schaeffer and A.M. met eight times. Schaeffer testified that A.M. exhibited typical signs of trauma resulting from sexual abuse including posttraumatic stress disorder, and although she would never completely shut down, she exhibited a hesitancy to discuss what happened to her. Schaeffer also testified that A.M. had mentioned what had happened to her but was uncomfortable talking about it. A.M. indicated to her that she was sad and angry about what happened and would slump in her chair and get quieter when discussing it. Schaeffer testified that A.M. was more hesitant to talk about things than most, and she had concerns about A.M. testifying in court.

Specifically, Schaeffer worried that if A.M. was required to testify in the defendant's presence, she would shut down. Schaeffer testified that if A.M. had to testify in the defendant's presence, she would likely suffer severe emotional distress that would likely result in adverse effects. The trial court granted the State's request to allow A.M. to testify via closed-circuit television.

¶ 7     At the bench trial, the State first called A.M. to testify. A.M. testified that the defendant gave her a bad touch. When asked what she meant by that, she explained that the defendant "touched [her] in [her] private." She also testified that the defendant touched her private under her underwear with his hand, and that he moved his hand on her private. Victoria, A.M.'s grandmother, Amber Mitchell, A.M.'s mother, and Heather Marcum, Amber's girlfriend, all testified that they had spoken with A.M., who told each of them the defendant gave her a bad touch. Mitchell also testified that, after she confronted the defendant, he told her, "I guess Satan got into me."

¶ 8     Child advocate Alexis Church interviewed A.M. on January 15, 2019, which was admitted into evidence as State's Exhibit 2. During the interview, A.M. explained that, while she and the defendant were working together, he touched her private under her clothes with his fingers. A.M. also showed Church that she knew that her "private" was her "vagina." When asked, A.M. told Church the defendant "just rubbed it," which made her feel uncomfortable.

¶ 9     After the bench trial, the trial court found A.M. to be a credible witness and that the State had met its burden. Considering the evidence, the judge found the defendant had been proven guilty beyond a reasonable doubt.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, the defendant first argues that the State failed to present sufficient evidence of sexual penetration, and therefore, the State failed to prove beyond a reasonable doubt that the

3

defendant was guilty of count I, predatory criminal sexual assault of a child. The State advances two counterarguments: first, that the "sexual penetration" language in the information was "mere surplusage," and thus, the State could prove the defendant guilty based on any of the grounds listed in the statute, not only sexual penetration; or second, that the State sufficiently proved sexual penetration occurred. We address each in turn.

¶ 12                                     A. Defendant's Conviction

¶ 13                                          1. *Surplusage*

¶ 14    The State argues that it did not need to prove penetration because the information alleged the defendant committed the offense by touching A.M.'s vagina with his hand, and the inclusion of "sexual penetration" was mere surplusage. We disagree.

¶ 15    An information charging predatory criminal sexual assault of a child must plead allegations establishing contact *or* penetration. 720 ILCS 5/11-1.40(a)(1) (West 2018); see *People v. Kidd*, 2022 IL 127904, ¶ 20. Specifically, a person commits predatory criminal sexual assault of a child if the following elements are proven: the person is 17 years of age or older; that person *either* commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, *or* an act of sexual penetration; and the victim is under 13 years of age. 720 ILCS 5/11-1.40(a)(1) (West 2018).

¶ 16    "Sexual penetration" is defined as

> "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, *or* any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration.

4

Evidence of emission of semen is not required to prove sexual penetration." (Emphasis added.) *Id.* § 11-0.1.

The Illinois Supreme Court has interpreted this definition to include two types of conduct. See *People v. Maggette*, 195 Ill. 2d 336, 346-47 (2001). The first clause provides for contact and the second clause provides for intrusion. *Id.*

¶ 17   Thus, a person is guilty of predatory criminal sexual assault if that person is 17 years of age or older, the victim is under 13 years old, and the person commits any of the following acts: (A) any *contact*, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of either the victim or the accused; or (B) any *contact*, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person; or (C) any *intrusion*, however slight, of any part of the body of one person or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. With this context established, we turn to whether the words "sexual penetration," as used in the charging instrument, were surplusage.

¶ 18   It is established that " 'the theory under which a case is tried in the trial court cannot be changed on review.' " *People v. Hunt*, 234 Ill. 2d 49, 56 (2009) (quoting *In re Marriage of Schneider*, 214 Ill. 2d 152, 172 (2005)). Moreover, the purpose of a charging instrument is to inform the accused of the nature of the charges to enable a defendant to prepare a defense and to allow any subsequent judgment flowing therefrom to be used as a bar to further prosecution for the same conduct. *People v. Yarbrough*, 162 Ill. App. 3d 748, 749 (1987); see also *People v. Alvarado*, 301 Ill. App. 3d 1017, 1023 (1998). A defendant has a fundamental right to be informed of the nature and cause of criminal accusations. *People v. Walton*, 2013 IL App (3d) 110630, ¶ 20; see 725 ILCS 5/111-3 (West 2014). As part of that right, subsection 111-3(a)(3) provides that the

5

charging instrument must set forth the nature and elements of the offense charged. 725 ILCS 5/111-3(a)(3) (West 2014). The charging instrument must give notice of the elements of the charge and particularize it with allegations of the essential facts to enable the accused to prepare a defense which, if successful, would bar further prosecution for the same offense. *People v. Smith*, 99 Ill. 2d 467, 471 (1984).

¶ 19   The information in this case reads:

> "That on or about January 10, 2019, in Marion County, Illinois, CARL L. PRIVATT committed the offense of predatory criminal sexual assault of a child in that said defendant, a person of 17 years of age or over, committed an act of sexual penetration with A.M., a child under the age of 13 years when the act was committed, in that he touched A.M.'s vagina with his hand, in violation of 720 ILCS 5/11-1.40(a)(1)."

¶ 20   As stated, the State argues that the inclusion of "sexual penetration" in the information was mere surplusage, and thus, the trial court could find the defendant guilty based on any of the aforementioned grounds. The defendant disagrees and argues that the State is now trying to change its theory of the case on appeal from originally arguing the "sexual penetration" intrusion clause.

¶ 21   "It is well established that where a charging instrument alleges all the essential elements of an offense, 'other matters unnecessarily added may be regarded as surplusage.' " *People v. Kirkpatrick*, 2020 IL App (5th) 160422, ¶ 55 (quoting *People v. Collins*, 214 Ill. 2d 206, 219 (2005)). However, here, "sexual penetration" is not "other matters," rather, it is an element of the crime. The statute clearly lays out two distinct and separate grounds which serve the basis for the crime: contact or penetration. Listing "sexual penetration" puts the defendant on notice for what he is being charged of, and thus, instructs him on how he should structure his defense. The inclusion here can hardly be considered mere surplusage.

¶ 22   For example, in *Collins*, our supreme court held that the naming of specific officers was surplusage because it was neither material nor prejudicial to defendant. *Collins*, 214 Ill. 2d at 219.

6

There, the charge named two officers as victims. The court reasoned that the "specific identity of the victim is not an essential element of the offense of reckless discharge of a firearm." *Id.* at 220. While the charge named a victim, it did not need to, it only needed to allege a defendant caused bodily harm to or endangered the bodily safety of an individual. *Id.*

¶ 23 In *Durdin*, the State charged a defendant with two counts of delivery of controlled substances: count I of the indictment alleged he delivered less than one gram of cocaine and count II alleged that he delivered less than 10 grams of heroin. *People v. Durdin*, 312 Ill. App. 3d 4, 5 (2000). The evidence at trial established that police recovered heroin from defendant but there was no evidence that defendant possessed cocaine. *Id.* However, the trial court found the defendant guilty of both charges. *Id.* On appeal, the appellate court reversed that defendant's conviction for delivery of cocaine, finding there was a material variance between allegations of the indictment that defendant possessed cocaine and the evidence at trial showing that defendant possessed heroin. *Id.* The court recognized there was a variance in that case as it "was material because it was the controlled substance allegedly delivered, an element of the charge." *Id.*

¶ 24 Here, the information stated the defendant was over 17 years old and the victim was under 13 years old and charged the defendant with committing "an act of sexual penetration with A.M. *** in that he touched A.M.'s vagina with his hand, in violation of 720 ILCS 5/11-1.40(a)(1)." This laid out the elements of the offense as proscribed in the statute. First, that the defendant is a person over the age of 17, the victim is a person under the age of 13, and that the defendant committed an act of sexual penetration. This would mean that at trial the State would have to prove the defendant committed "sexual penetration," or in other words, either any *contact*, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any *intrusion*, however slight, of any part of the body of one person

7

or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration.  For contact to be sufficient, the defendant would have needed to use his sex organ, anus, or object.[1]  Meanwhile, for fingers or hands to be sufficient for sexual penetration, there must be intrusion into the victim's sex organ.  As such, "sexual penetration" is an element of the offense, and, therefore, cannot be considered surplusage in this context.

¶ 25    Furthermore, every action and argument made by the State at trial was in furtherance of this charge and was based on proving the element of sexual penetration.  In closing arguments, the State argued that,

> "Your Honor, the defendant has been charged with the offense of predatory criminal sexual assault of a child.  Specifically, it has been charged that on January 10th of this year he committed this offense in that he committed sexual penetration by making contact, however slight, between the vagina of—it's A.M. *** and his hand."

The State also asserted that,

> "In terms of elements of the offense, essentially and this may be simplifying it, but really what the Court is looking at is three main things.  One, was the defendant 17 years of age or older which I don't think anyone is going to contest.  Two, whether the victim was under the age of 13 years old. Which again, no one, I don't believe, will contest.  And then the third, whether an act of sexual penetration occurred."

The State then told the court that, "So, clearly, what the parties are disagreeing on I think today would be whether an act of sexual penetration occurred."  The State concluded that, "the evidence before the Court has shown beyond a reasonable doubt this defendant is over the age of 17. [A.M.] was under the age of 13. And it also shows beyond a reasonable doubt that an act of sexual penetration occurred."

¶ 26    It is clear from the record that at the bench trial, "sexual penetration" was not mere surplusage.  But, even more fundamentally, as a matter of law, because sexual penetration was an

---

[1]Our supreme court in *Maggette* instructed that a "defendant's [hand or] finger cannot constitute an 'object,' which came into contact with the victim's vagina." *Maggette*, 195 Ill. 2d at 350.

element of predatory criminal sexual assault of a child, it could not be surplusage. See 725 ILCS 5/111-3 (West 2014).

¶ 27    As such, we disagree with the State that it was not solely proceeding on a theory of sexual penetration at trial. Because of this, the defendant was prejudiced by being unable to defend against a new argument which was not alleged in the charging instrument nor brought up at trial. Thus, we turn to whether the State sufficiently proved sexual penetration at trial.

¶ 28                                2. *Sufficient Evidence*

¶ 29    When a defendant challenges the sufficiency of the evidence used to convict that defendant, this court reviews the evidence presented at trial in the light most favorable to the prosecution to determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime or crimes of which a defendant was convicted. *People v. Saxon*, 374 Ill. App. 3d 409 (2007). We will not reverse a criminal conviction unless the evidence presented at trial is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt as to the guilt of a defendant. *Id.* at 416. We allow all reasonable inferences from the record in favor of the prosecution, whether the evidence in the case is direct or circumstantial. *Id.* However, a reviewing court will not accept unreasonable inferences from the record. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). Because the trier of fact saw and heard the witnesses, its credibility determinations are afforded great weight. *People v. Wheeler*, 226 Ill. 2d 92, 114-15 (2007).

¶ 30    Here, on appeal, the defendant does not challenge the credibility of any witness at trial; instead, the defendant is only asserting that the State failed to prove its case beyond a reasonable doubt based on the evidence offered. The defendant was over the age of 17 and the alleged victim

9

was under the age of 13 when the crime took place. At trial, the State admitted that the only remaining element that was at issue was whether there was sexual penetration.

¶ 31    As was stated earlier, to prove sexual penetration, the State must prove that the defendant either committed an act of either *contact*, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any *intrusion*, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. Here, the State alleged sexual penetration occurred when the defendant touched the victim's vagina with his hand. The State never alleged the defendant used a sex organ, anus, or other object to touch the victim. This leaves the intrusion clause.

¶ 32    The defendant argues the State never proved any intrusion. The State asserts it did prove intrusion based on the evidence that the defendant touched the victim's vagina and rubbed it. The State cites to *People v. Hillier*, 392 Ill. App. 3d 66 (3d Dist. 2009), in support of this position.

¶ 33    In *Hillier*, the court stated that, "A jury may reasonably infer that an act of penetration occurred based on testimony that the defendant 'rubbed,' 'felt' or 'handled' the victim's vagina." *Id.* at 69 (citing *People v. Bell*, 234 Ill. App. 3d 631, 637 (1992)). Furthermore, *Hillier* held that an inference of penetration is only unreasonable if the victim explicitly denies penetration occurred. See *id.* However, this proposition is at direct odds with our supreme court's holding in *People v. Maggette*, 195 Ill. 2d 336 (2001). There, our supreme court expressed that mere touching or rubbing of a victim's sex organ or anus with a hand or finger did not prove sexual penetration. *Id.* at 352.

¶ 34    Other courts have recognized this conflict. In *People v. Sanchez*, the court stated:

"It is unreasonable to infer that defendant digitally penetrated the victim merely because she did not specifically deny it. Moreover, this argument is inconsistent with the plain

10

language of *Maggette* and we decline to follow the pre-*Maggette* line of cases holding that 'rubbing,' 'feeling,' or 'touching' the vagina, in the absence of other evidence, is sufficient to prove intrusion." *People v. Sanchez*, 2021 IL App (2d) 190482, ¶ 25.

The *Sanchez* court went on to ultimately hold that because the victim testified only that defendant touched her vagina, this was insufficient to prove intrusion. *Id.* ¶ 26.

¶ 35 Thus, we now join other courts and clarify that it is well settled law that evidence of a defendant placing a hand or finger on a victim's vagina or vaginal area absent other evidence is insufficient to prove penetration. See, *e.g.*, *Maggette*, 195 Ill. 2d at 352; *People v. Alvarez*, 2017 IL App (2d) 160136; *People v. Lofton*, 303 Ill. App. 3d 501, 507-08 (1999); *People v. Garrett*, 281 Ill. App. 3d 535, 545 (1996); see also *People v. Hobbs*, 2022 IL App (4th) 210471; *People v. Mitchell*, 2016 IL App (1st) 133126-U, ¶ 71.

¶ 36 Turning now to the case before us, at trial, A.M. testified that the defendant gave her a bad touch. When asked what she meant by that, she explained that the defendant "touched [her] in [her] private." She also testified that the defendant touched her private under her underwear with his hand and that he moved his hand on her private. Child advocate Alexis Church interviewed A.M. on January 15, 2019, which was admitted into evidence as State's Exhibit 2. During the interview, A.M. explained that, while she and the defendant were working together, he touched her private under her clothes with his fingers. A.M. also showed Church that she knew that her "private" was her "vagina." When asked, A.M. told Church the defendant "just rubbed it," which made her feel uncomfortable.

¶ 37 Here, the evidence submitted at trial was insufficient to prove intrusion, and, thus, sexual penetration. The State never established that the defendant made contact between his sex organ, mouth, anus, or other object and the sex organ or anus of the victim, or any *intrusion* of any part of his body or object into the sex organ or anus of the victim. See *Hobbs*, 2022 IL App (4th)

11

210471, ¶ 21 ("We take from *Maggette* the basic rule that if the State charges a crime where sexual penetration by way of a hand or a finger is an element, then it must prove intrusion."). Although A.M. testified that he touched her in her private, this alone is insufficient to prove the defendant committed the act of intrusion beyond a reasonable doubt, especially where she later explained he "just rubbed it." See *Maggette*, 195 Ill. 2d at 352 ("The victim's brief and vague reference to her vaginal area is not sufficient to prove an 'intrusion' and cannot support a conviction of criminal sexual assault.").

¶ 38    In sum, we hold that the State did not provide sufficient evidence beyond a reasonable doubt that the defendant committed an act of sexual penetration, an essential element of the offense.

¶ 39                                        3. *Relief*

¶ 40    Having determined that the State's evidence was insufficient to establish the element of "sexual penetration," we must determine the proper relief. The defendant asks that this court either reverse his conviction or, in the alternative, reduce his conviction to aggravated criminal sexual abuse, as the court did in *People v. Guerrero*, 2018 IL App (2d) 160920, ¶¶ 60-73; see also Ill. S. Ct. R. 615(b)(3) (eff. Jan. 1, 1967).

¶ 41    A defendant in a criminal prosecution has a fundamental due process right to notice of the charges brought against him. *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996). For this reason, a defendant may not be convicted of an offense he has not been charged with committing. *People v. Baldwin*, 199 Ill. 2d 1, 6 (2002); see also *People v. Knaff*, 196 Ill. 2d 460, 472 (2001). A defendant may, however, be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument (*People v. Novak*, 163 Ill. 2d 93, 105 (1994)),

12

and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense (*id*. at 108).

¶ 42 The first step when deciding whether a defendant has been properly convicted of an uncharged offense is determining whether the offense is "included" in the offense that was charged. *People v. Kolton*, 219 Ill. 2d 353, 360 (2006). Furthermore,

> "Under the charging instrument approach, whether a particular offense is 'lesser included' is a decision which must be made on a case-by-case basis using the factual description of the charged offense in the indictment. A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment can reasonably be inferred." *Id.* at 367.

Our supreme court in *People v. Kennebrew*, 2013 IL 113998, 47, held that under the charging instrument approach, "the uncharged offense of aggravated criminal sexual abuse is a lesser-included offense of predatory criminal sexual assault."

¶ 43 Here, we find the information contains a broad outline or foundation for the offense of aggravated criminal sexual abuse. A person commits aggravated criminal sexual abuse if that person is 17 years of age or over and commits an act of sexual conduct with a victim who is under 13 years of age. 720 ILCS 5/11-1.60(c) (West 2018). "Sexual conduct" means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused. *Id.* § 11-0.1.

¶ 44 The information alleged that the defendant committed the offense of predatory criminal sexual assault of a child in that he was a person of 17 years of age or over when he committed an act of sexual penetration with A.M., a child under the age of 13, by touching A.M.'s vagina with

his hand, which would be encompassed within the definition of "sexual conduct." Although the information did not specify that the acts were done "for the purpose of sexual gratification," this purpose could reasonably be inferred. *Guerrero*, 2018 IL App (2d) 160920, ¶ 67; see *Kolton*, 219 Ill. 2d at 371, and *Kennebrew*, 2013 IL 113998, ¶¶ 33-36. Thus, we find that the information was sufficiently broad as to include a lesser-included offense.

¶ 45 Having determined that the information includes the lesser-included offense, the second step is to "examine the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense." *Kolton*, 219 Ill. 2d at 361. Here, the evidence clearly established that the defendant was guilty of the lesser-included offense of aggravated criminal sexual abuse.

¶ 46 The defendant was over the age of 17 and the victim was under the age of 13 at the time the acts were committed. At the bench trial, the trial court found the defendant guilty of sexual penetration. Although we have now held that the State failed to prove penetration beyond a reasonable doubt, it is clear from the record that the State at least proved that the defendant touched the victim's vagina with his hand. The remaining element of "for the purpose of sexual gratification or arousal of the victim or the accused" can be inferred from the act. The intent to arouse or satisfy sexual desires can be established by circumstantial evidence, and the trier of fact may infer a defendant's intent from his conduct. *People v. Burton*, 399 Ill. App. 3d 809, 813 (2010); see *People v. Balle*, 234 Ill. App. 3d 804, 813 (1992); see also *People v. Bailey*, 311 Ill. App. 3d 265, 267 (2000).

¶ 47 Therefore, based on these unique facts and the compelling evidence that the defendant was guilty of the lesser-included offense of aggravated criminal sexual abuse, we modify the defendant's present conviction to that lesser-included offense. Because the trial court is in a better

14

position than the court of review to impose appropriate punishment, we remand for sentencing on the modified conviction. See *People v. Kurtz*, 37 Ill. 2d 103, 111-12 (1967).

¶ 48                          B. Closed-Circuit Testimony

¶ 49    The defendant also alleges his sixth amendment rights were violated because the trial court allowed A.M. to testify via closed-circuit television. First, the defendant argues that the United States Supreme Court overruled the precedent creating an exception to the confrontation clause set forth in *Maryland v. Craig*, 497 U.S. 836 (1990); second, the defendant alternatively argues that the testimony violated the sixth amendment where the State failed to meet its burden of proof.

¶ 50                          1. *Constitutionality of Section 106B-5*

¶ 51    Section 106B-5 of the Code of Criminal Procedure of 1963 states, in pertinent part, as follows:

> "In a proceeding in the prosecution of an offense of criminal sexual assault, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual abuse, aggravated criminal sexual abuse, aggravated battery, or aggravated domestic battery, a court may order that the testimony of a victim who is a child under the age of 18 years *** be taken outside the courtroom and shown in the courtroom by means of a closed circuit television if:
>
> > (1) the testimony is taken during the proceeding; and
> > (2) the judge determines that testimony by the child victim *** in the courtroom will result in the child *** suffering serious emotional distress such that the child *** cannot reasonably communicate or that the child *** will suffer severe emotional distress that is likely to cause the child *** to suffer severe adverse effects." 725 ILCS 5/106B-5(a) (West 2018).

¶ 52    This codified the holding in *Craig*, where the Supreme Court held that "a State's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his or her accusers in court." *Craig*, 497 U.S. at 853.

15

¶ 53    Although the defendant argues this statute may be unconstitutional, *Craig* remains good law as reiterated by our supreme court in *People v. Cuadrado*, 214 Ill. 2d 79, 89 (2005). See also *People v. Pope*, 2020 IL App (4th) 180773, ¶ 46. In *Cuadrado*, our supreme court reiterated the principle of *Craig* stating, "[w]hile the confrontation clause represents a preference for face-to-face confrontation, that preference 'must occasionally give way to considerations of public policy and the necessities of the case.' " (Internal quotation marks omitted.) Accordingly, the defendant's argument lacks merit.

¶ 54                                   2. *Burden of Proof*

¶ 55    We review a trial court's decision to allow testimony via closed-circuit television under an abuse of discretion standard. See *People v. Ely*, 248 Ill. App. 3d 772, 776 (1993).

¶ 56    At the hearing on the State's motion to allow A.M. to testify through a closed-circuit television pursuant to section 106B-5, the State called Nicole Schaeffer to testify. Schaeffer was a child therapist that had been counseling A.M. since February 2019. The pair had met eight times. Schaeffer testified that A.M. exhibited typical signs of trauma resulting from sexual abuse including posttraumatic stress disorder and a hesitancy to discuss what happened to her.

¶ 57    Schaeffer testified that A.M. had mentioned what happened to her but was uncomfortable talking about it. A.M. indicated she was sad and angry about what happened and would slump in her chair and get quieter when discussing what happened. Schaeffer also testified that A.M. was more hesitant to talk about things than most, and she expected that if A.M. was required to testify in the defendant's presence, she would shut down and likely suffer severe emotional distress that would likely result in adverse effects.

¶ 58    The defendant argues that because he was charged with only one offense this somehow mitigates the difficult position A.M. was in. We disagree. The amount of offenses a defendant

16

may be charged with pertaining to one victim is not dispositive of whether that victim may testify via closed-circuit television.

¶ 59    The defendant also argues that there is no evidence that A.M. could not testify in court and that Schaeffer testified that the signs of trauma A.M. exhibited were typical.  First, it is hard to understand why so-called typical signs of trauma would lower the risk of trauma a minor could suffer if she is already in a vulnerable state, as A.M. was here.   The statute does not require the witness exhibit atypical signs of suffering.  Thus, this argument lacks merit.

¶ 60    Based on the testimony offered by A.M.'s therapist, we find the trial court did not abuse its discretion in allowing her to testify via closed-circuit television.

¶ 61                          C. Evidence at Sentencing

¶ 62    The defendant argues that the trial court deprived him of a fair sentencing hearing when it considered Dr. Cuneo's fitness report as evidence in aggravation.  The defendant argues that the use of such evidence is prohibited by section 104-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104-14 (West 2018)).  The State contends that the evidence was properly considered because the defendant testified at the hearing and made his mental state a contested issue, and moreover, the State argues the report did not include an opinion regarding the defendant's rehabilitative potential or his propensity to commit crime.

¶ 63    Because we have modified the defendant's conviction and remanded for resentencing, this issue is now moot.  However, on remand, if the issue should arise again, the trial court should note our supreme court's decision in *People v. Kashney*, 111 Ill. 2d 454, 461 (1986).

¶ 64                          III. CONCLUSION

¶ 65    Accordingly, we hold that the defendant was not proven guilty beyond a reasonable doubt of predatory criminal sexual assault of a child as alleged in the information but was proven guilty

17

of aggravated criminal sexual abuse. Thus, we modify his conviction. As such, the case is remanded for sentencing on the modified conviction. Because we reach our decision on these grounds, we decline to address the other issue raised on appeal.

¶ 66 Affirmed as modified; cause remanded with directions.

¶ 67 JUSTICE VAUGHAN, concurring in part and dissenting in part:

¶ 68 While I agree with the majority's finding that the trial court did not abuse its discretion when it allowed the minor to testify via closed-circuit television, I respectfully disagree with the majority's finding that the trial court erred when it found the defendant guilty beyond a reasonable doubt of the offense of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40 (West 2018)).

¶ 69 "Where a criminal conviction is challenged based on insufficient evidence, a reviewing court, considering all of the evidence in the *light most favorable* to the prosecution, must determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime." (Emphasis added.) *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224 (2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). The trier of fact has the responsibility to "fairly *** resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." (Internal quotation marks omitted.) *Id.* (quoting *People v. Howery*, 178 Ill. 2d 1, 38 (1997), quoting *Jackson*, 443 U.S. at 319). "[T]he reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004).

¶ 70 As cited by the majority, section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) provides a person commits predatory criminal sexual assault of a child if the following elements are proven: (1) the person is 17 years of age of older; (2) that person either commits an act of

18

contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration; and (3) the victim is under 13 years of age. 720 ILCS 5/11-1.40(a)(1) (West 2018). The issue before this court is whether the State proved an act of sexual penetration occurred.

¶ 71    In pertinent part, the Code provides that " '[s]exual penetration' means *** any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." *Id*. § 11-0.1.

¶ 72    In the case now before us, when the State questioned A.M. about what occurred with the defendant, A.M. testified that "he gave me a bad touch." When the prosecutor asked exactly what the defendant did, A.M. replied, "Touched me *in* my private." (Emphasis added.) A.M. affirmed that she was wearing underwear at the time of the assault and that he touched her "[u]nder" her underwear with "[h]is hand" and "[h]e moved it."

¶ 73    I find this case to be on par with *People v. Hillier*, 392 Ill. App. 3d 66 (2009). In *Hillier*, when asked where the defendant placed his finger, the victim testified, "my vagina." *Id*. at 69. She never denied that the defendant penetrated her. *Id.* In finding the defendant guilty of predatory criminal sexual assault of a child beyond a reasonable doubt, the appellate court found, "[a] jury may reasonably infer that an act of penetration occurred based on testimony that the defendant 'rubbed,' 'felt' or 'handled' the victim's vagina." *Id.* It continued, "[s]uch an inference is unreasonable only if the victim denies that penetration occurred." *Id*. In the case before this court, A.M. identified her "private." She testified that the defendant "touched [her] *in* [her] private" under her underwear with his hand and "moved" his hand while touching her. (Emphasis added.) A.M. never denied that penetration occurred. Quite to the contrary, A.M. testified that the defendant

touched her *in* her private. I believe it was reasonable for the trial court to draw an inference that penetration occurred based on A.M.'s testimony.

¶ 74 The majority has likened this case to *Maggette* in which our supreme court found that mere touching or rubbing of a victim's sex organ or anus with a hand or finger did not prove sexual penetration. *People v. Maggette*, 195 Ill. 2d 336, 352 (2001). However, that case is distinguishable from the one now before us. In that case, the victim testified that the defendant rubbed and caressed her "in [her] vagina area." *Id*. The court found the victim's general reference to her vaginal area was insufficient to prove an intrusion occurred. *Id*.

¶ 75 Citing *Maggette*, the majority has stated that it is now joining other courts in finding "that evidence of a defendant placing a hand or finger on a victim's vagina or vaginal area absent other evidence is insufficient to prove penetration." *Supra* ¶ 35. However, in the case before this court, there is other evidence that penetration occurred. A.M. clearly testified that the defendant "touched [her] *in* [her] private," under her underwear with his hand, and "moved" his hand while touching her. (Emphasis added.)

¶ 76 Again, I believe it was reasonable for the trial court to draw an inference from this testimony that penetration occurred. Therefore, when considering all the evidence in the light most favorable to the prosecution, the trial court could rationally find the prosecution proved the defendant guilty beyond a reasonable doubt of the offense of predatory criminal sexual assault of a child.

¶ 77 For the foregoing reasons, I dissent.

20